UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DENNIS J. LYON,<br><br>                    Movant,<br><br>       vs.<br><br>FPC YANKTON—WARDEN BENNETT,<br><br>                    Respondent. | 4:21-CV-04109-KES<br><br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is before the court on the *pro se* petition of Dennis J. Lyon, an inmate at the Yankton Federal Prison in Yankton South Dakota.  See Docket No. 1.  Mr. Lyon seeks habeas relief under the First Step Act.  Now pending is a motion to dismiss Mr. Lyon's habeas petition pursuant to 28 U.S.C. § 2241 without holding an evidentiary hearing.  See Docket No. 9. Mr. Lyon has not responded to the motion and the time for doing so has long passed.  This matter was referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge.

## FACTS

Mr. Lyon asserts in his petition he wishes the court to enter an order "to immediately apply all the FSA etc. owed to Petitioner."  Docket No. 1 at p. 8. He then states his release date should have been February 12, 2021, had

respondent given him all the earned time credit he is due under the Act.  Id.
However, Mr. Lyon never specifies how he arrives at this calculation.  Id.
Furthermore, he does not clearly state what programming he has taken to earn
credits under the Act nor does he explain how many credits he should have
received for each completed program.  Id.  It *is* clear that he is protesting the
respondent's decision not to fully implement the Act until January 15, 2022.
Id.

Respondent, in its motion to dismiss, explains that Mr. Lyon is serving a
120-month sentence for conspiracy to defraud the United States and he has a
projected release date of November 19, 2024.  Docket No. 11, p. 2, ¶ 4.
Mr. Lyon was sentenced on May 18, 2017.  Docket No. 11-1 at p. 2.  Thus,
although Mr. Lyon appears to suggest he has accumulated four years' worth of
programming hours for which he should be credited with two years by working
at jobs (see Docket No. 1 at p. 8), he has only been incarcerated for four years
and the First Step Act with its accompanying credits did not come into being
until December 2018, which is less than three years from the writing of this
opinion.  Even if the First Step Act gave Mr. Lyon one day's credit for every day
he has spent incarcerated, it is simply impossible for him to have accumulated
four years' worth of programming.

## DISCUSSION

**A.    First Step Act**

The First Step Act of 2018, PL 115-391, 132 Stat 5194, was enacted on
December 21, 2018.  It requires the BOP to develop a risk and needs

assessment form identifying what programming an inmate may need to reduce the risk of recidivism.  18 U.S.C. §§ 3631-3633.  If an imate successfully *completes* programming specifically designated for his needs, he can earn "10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities."  See 18 U.S.C. § 3632(d)(4)(A)(i).  Only if an inmate is designated by the BOP to be at minimum or low risk of recidivating over two consecutive assessments is the inmate eligible to earn 15 days of time credits for every 30 days of programming.  Id. at (d)(4)(A)(ii).

Not every program an inmate may enroll in will result in earned time credits under the First Step Act.  Rather, the BOP is to assess an individual's specific criminogenic needs and assign that individual to specific programming corresponding to his needs.  18 U.S.C. § 3632(a)(3).  For Mr. Lyon, the BOP assessed his specific criminogenic needs to be in the following categories: (1) anger/hostility, (2) recreation/leisure/fitness, and (3) work.  Docket No. 11 at p. 2, ¶ 7.  Mr. Lyon has not yet enrolled in any programming for any of these four categories.  Id. at p. 3, ¶ 8.  Because he has not yet enrolled in programming that qualifies for earned time credits under the First Step Act, he is not yet entitled to any credits under the act.  Id.

Respondent states that Mr. Lyon has completed 500 hours of programming for substance abuse, which equates to 62.5 days of programming, which entitles him to 31.25 hours of earned time credits under the Act.  Docket No. 11 at p. 3, ¶ 9; Docket No. 10 at pp. 19-20.

The Federal Rules of Civil Procedure are applicable to § 2254 habeas actions so long as the procedural rules do not conflict with the habeas statutes or the Rules Governing Section 2254 Cases in the United States District Courts ("Governing Rules").  See Governing Rule 12.  Federal Rule of Civil Procedure 12(b)(6) is not inconsistent with the Governing Rules.  Compare Governing Rules 4 & 5 (allowing respondent to respond to petitioner's habeas petition with a motion), with Fed. R. Civ. P. 12(b)(6) (same); see also Ebert v. Clarke, 320 F. Supp. 2d 902, 909-10 (D. Neb. 2004) (holding that FED. R. CIV. P. 12(b)(6) applies in habeas proceedings under § 2254).

Rule 12(b)(6) allows dismissal of a habeas petition if the petitioner has failed to state a claim upon which relief can be granted.  See FED. R. CIV. P. 12(b)(6).  Petitioners must plead "enough facts to state a claim to relief that is *plausible* on its face."  Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added).

Under Federal Rule of Civil Procedure 8(a)(2), a petitioner must plead only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Id. at 554-55 (quoting FED. R. CIV. P. 8(a)(2)).  A habeas petition does not need "detailed factual allegations" to survive a motion to dismiss, but a petitioner must provide the grounds for his entitlement to relief and cannot merely recite the elements of his cause of action.  Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Here, Mr. Lyon has not assert what programming he has completed, how many credits he has amassed from each program, or whether application of

those credits immediately would result in his immediate release.  His petition

does not even state legal conclusions.  The facts that he *does* assert are not

plausible on their face.

He asserts he has amassed four years of programming, apparently

counting on a 1:1 ratio every day he has been imprisoned.  Docket No. 1 at p.

8.  But the First Step Act did not become law until December 2018 and no

programming completed before the First Step Act was enacted qualifies for

earned time credits under the law.  See 18 U.S.C. § 3632(d)(4)(B)(i).  Given this

fact, the most Mr. Lyon could possibly have accumulated is 2.5 years of

programming, for which he would be entitled, best case scenario, to 1.25 years

of credit against his sentence.  Which leads the court to ripeness issues.

**B.    Ripeness**

In Mr. Lyon's case, the facts show his claim is not now ripe and may

never be ripe.  "Article III of the United States Constitution limits the

jurisdiction of federal courts to 'actual ongoing cases or controversies.' "

Arango-Palacios v. Yankton FPC Warden, 4:21-cv-04061-LLP, Docket No. 16 at

p. 2 (D.S.D. Aug. 9, 2021).  Ripeness concerns the issue whether a live case or

controversy has been presented and, if not, if it is likely to ever be

presented.  Id.

Even if Mr. Lyon is correct that the respondent is reading the First Step

Act unlawfully by delaying implementation until January 15, 2022, even under

a "best case scenario" asserted by Mr. Lyon, he would not be entitled to be

released until August 2023 (projected release date of November 2024 minus 1.25 years of earned time credits under the Act).

There is over a year and a half between January 15, 2022, and August 2023, during which there is every possibility respondent will credit Mr. Lyon with the earned time credits he believes he should have under the First Step Act. If respondent does so, there will never be a live case or controversy presented. If respondent does not give Mr. Lyon credit, then there will be a live case or controversy and Mr. Lyon can refile a petition with the court at that time.

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge respectfully recommends that respondent's motion to dismiss [Docket No. 9] be granted and that Mr. Lyon' § 2241 petition be dismissed without prejudice for lack of subject matter jurisdiction—specifically a lack of ripeness. Should respondent fail to credit Mr. Lyon with the First Step Act earned time credits he believes he is due between January 15, 2022, and August 2023, Mr. Lyon may refile his petition at that time.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the

district court.  <u>Thompson v. Nix</u>, 897 F.2d 356 (8th Cir. 1990); <u>Nash v. Black</u>,

781 F.2d 665 (8th Cir. 1986).

      DATED this 17th day of September, 2021.

                          BY THE COURT:

                          VERONICA L. DUFFY
                          United States Magistrate Judge