UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS JOE LYON, a/k/a DENNIS J LYON,<br><br>　　　　　　　　　Petitioner,<br><br>　vs.<br><br>FPC YANKTON—WARDEN BENNETT,<br><br>　　　　　　　　　Respondent. | 4:21-CV-04109-KES<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN FULL |

　　　Petitioner, Dennis Joe Lyon, brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Docket 1. Lyon seeks immediate application of his earned time credits under 18 U.S.C. § 3621(h)(4). *See id.* at 6-8. The petition was assigned to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014, standing order.

　　　Respondent now moves to dismiss Lyon's petition for failure to exhaust administrative remedies, for lack of subject-matter jurisdiction, and for failure to state a claim. Docket 9. The Magistrate Judge entered a report and recommendation recommending Lyon's petition be dismissed without prejudice for lack of ripeness. Docket 12 at 6. Lyon objects to the report and recommendation. Docket 13. Lyon has also filed a motion to appoint counsel. *Id.* at 7-8. For the following reasons, this court overrules Lyon's objections, adopts the Magistrate Judge's report and recommendation in full, and grants respondent's motion to dismiss.

**STANDARD OF REVIEW**

The court's review of the Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to a magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

**DISCUSSION**

Respondent states that Lyon has a projected release date of November 19, 2024, via an early release under 18 U.S.C. § 3621(e) for successful completion of the Residential Drug Abuse Program. Docket 10 at 2. Lyon asks the court to order immediate application of his First Step Act (the "Act") time credits earned through participation in evidence-based recidivism reduction programming and productive activities. Docket 1 at 8. Lyon claims that he has earned enough time credits to have been released on February 12, 2021. *Id.* Respondent states that Lyon has completed 500 hours, or 62.5 days, of programming and activities. Docket 10 at 19.

Respondent has taken the position that it has the discretion to determine whether the time credit incentives will be implemented before the end of the 2-year phase-in period under the Act, which covers the time period until January 15, 2022. Docket 10 at 17-19. Before discussing that issue, however, the court

must determine if it has jurisdiction under Article III of the United States Constitution.

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Two components of the Article III case-or-controversy requirement are the "closely related" concepts of standing and ripeness. *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009) (citation omitted). The ripeness inquiry in some cases may therefore "be characterized as standing on a timeline." *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). Whether a claim is ripe depends on "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)).

Rulemaking decisions by respondent are subject to judicial review, but adjudicative decisions in a specific case are not subject to judicial review. 18 U.S.C. § 3625; *see also Martin v. Gerlinski,* 133 F.3d 1076, 1079 (8th Cir. 1998) ("[I]t is apparent that § 3625 precludes judicial review of agency adjudicative decisions but not of rulemaking decisions."). There has been no showing in this case to support a general challenge to the rulemaking of respondent on whether to allow time credits for various inmate activities, and if allowing time credits, how many time credits to allow for each day of activity.

Lyon is the proper party to bring this claim. But there is not at this time and might never be a time when Lyon has a valid claim that he will lose days of

time credits to which he is entitled under the Act. Under respondent's calculation, Lyon would be entitled at the most to 31.25 days of time credits for evidence-based recidivism reduction programming and productive activities that he has currently completed. Docket 10 at 19-20. Because there is adequate time for the application of the earned time credits after the latest date for implementation of the Act on January 15, 2022, but well in advance of his projected release date of November 19, 2024, this claim is not ripe for adjudication and is dismissed without prejudice to the bringing of a claim when ripe, if that ever happens.

## **CONCLUSION**

Because Lyon's claim is not ripe, the court does not have jurisdiction under Article III of the United States Constitution to hear this claim. The court adopts the Magistrate Judge's report and recommendation dismissing this matter for lack of subject-matter jurisdiction on ripeness grounds and overrules Lyon's objections.

Thus, it is ORDERED:

1. That respondent's motion to dismiss (Docket 9) is granted. Lyon's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Docket 1) is dismissed without prejudice.

2. That the Magistrate Judge's report and recommendation (Docket 12) is adopted in full as supplemented herein.

3. That Lyon's objections (Docket 13) are overruled.

4. That Lyon's motion for counsel (Docket 13 at 7-8) is overruled as moot.

Dated December 21, 2021.

                        BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        UNITED STATES DISTRICT JUDGE